UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-94-GWU

MICHAEL L. DOTSON,                                                                PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

## INTRODUCTION

Michael Dotson brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income.  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

07-94  Dotson

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

07-94  Dotson

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-94  Dotson

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-94  Dotson

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist.

6

07-94  Dotson

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Dotson, a 30 year-old former equipment operator, coal miner and diesel mechanic with a high school education, suffered from impairments related to a vertebrogenic disorder, anxiety and depression.  (Tr. 16-17).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 23).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 21-22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented by the ALJ to Vocational Expert Donald Woolwine included an exertional limitation to light level work along with such non-

7

07-94  Dotson

exertional restrictions as (1) a need to avoid exposure to vibration, jars or jolts to the body; (2) an inability to more than occasionally bend, turn or twist; (3) the need for a sit/stand option in intervals of 30 minutes; (4) an inability to ever climb ladders, ropes or scaffolds; (5) an inability to more than occasionally climb stairs, balance, kneel, crouch or crawl; (6) a "slight"[1] limitation of ability to perform simple, repetitive tasks; and (7) a "moderate"[2] limitation of ability to sustain attention and concentration, tolerate work stresses, and respond appropriately to supervisors and co-workers.  (Tr. 362-363).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 363-364).  The ALJ then changed the mental limitations to a "poor"[3] ability to deal with work stresses, maintain attention and concentration, deal with complex instructions and demonstrate reliability.  (Tr. 364).  The witness indicated that a significant number of jobs would still remain.  (Tr. 365).  Therefore, assuming that the vocational factors considered by Woolwine fairly characterized Dotson's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

---

[1]"Slight" was defined as a "mild limitation but that person can function well."  (Tr. 362).

[2]Moderate" was diagnosed as "still able to function satisfactorily."  (Id.).

[3]"Poor" was defined as "severely limited, but not precluded."  (Tr. 364).

8

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  In assessing the plaintiff's physical limitations, the ALJ relied heavily upon the opinion of Dr. Joseph Rapier, an examining consultant.  (Tr. 20).  Dr. Rapier limited the claimant from lifting more than 20 pounds and 10 pounds on a regular basis.  (Tr. 304).  The examiner also indicated that Dotson should avoid frequent bending, twisting, turning, or lifting. (Id.).  He should also not be exposed to vibration, jars and jolts.  (Id.).  These factors were all incorporated in the hypothetical question presented to Woolwine.  Dr. David Swan, another medical reviewer, did not even believe that the plaintiff suffered from a "severe" physical restriction.  (Tr. 232).  Such treating and examining sources of record as the staff at the Lexington Clinic (Tr. 114-130), the staff at the Pikeville Medical Center (Tr. 131-198), the staff at the Marrowbone Clinic (Tr. 205-216), and the staff at the Virginia Center for Integrative Medicine (Tr. 320-348) did not report the existence of more severe physical restrictions than those found by the ALJ.  These reports provide substantial evidence to support the administrative decision.

Dr. William Fannin, an examiner, did opine that Dotson would have difficulty reaching above shoulder level or below the waist.  (Tr. 266).  This restriction was not presented to the vocational expert.  Dr. Fannin was a one-time examiner whose opinion was offset by that of Dr. Rapier.

Dr. James Ross, a non-examining medical reviewer, reported the existence of a restriction concerning reaching in all directions which was not included among

07-94  Dotson

the ALJ's findings.  (Tr. 220).  His opinion was offset and outweighed by those of Dr. Rapier, the examiner, and Dr. Swan, another reviewer.

The ALJ also dealt properly with the evidence of record relating to Dotson's mental condition.  Psychologist Emily McGuire examined the plaintiff and diagnosed a major depressive disorder and an anxiety disorder.  (Tr. 229).  McGuire indicated that the claimant would have a "slight" limitation in understanding, remembering and carrying out simple instructions and "moderate" limitation of ability in such areas as tolerating stress and work pressures, sustaining attention and concentration and responding appropriately to supervisors and co-workers.  (Tr. 230).  These restrictions were presented to Woolwine and relied upon by the ALJ.

Psychologist Eric Johnson examined Dotson and diagnosed an anxiety disorder and a depressive disorder.  (Tr. 317).  Johnson opined that the claimant's ability would be "poor" in such areas as dealing with work stresses, maintaining attention and concentration, handling complex instructions and demonstrating reliability.  (Tr. 318-319).  These were the alternative limitations presented by the ALJ to Woolwine who still thought that work could be performed.  Thus, Johnson also does not support the  plaintiff's claim.

Dotson was also examined by Psychologist Dennis Sprague.  Sprague diagnosed a depressive disorder, a generalized anxiety disorder, and a pain disorder.  (Tr. 312).  Sprague did not identify specific mental limitations.  The examiner rated the plaintiff's Global Assessment of Functioning (GAF) at 57.  (Id.).

10

07-94  Dotson

Such a GAF suggests the existence of "moderate" psychological symptoms, compatible with the ALJ's findings, according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  Therefore, this opinion also does not support the plaintiff's claim of total disability.

Dotson sought treatment for his mental problems at the Mountain Comprehensive Care Center.   The plaintiff was diagnosed as suffering from a major depression and a dysthymic disorder.  (Tr. 255).  More severe mental limitations than those found by the ALJ were not identified.

Finally, the record was reviewed by Psychologists Ann Demaree and Lea Perritt.   Both reviewers indicated "moderate" restrictions in such areas as performing activities within a schedule, maintaining regular attendance, being punctual within ordinary tolerances, completing a normal workday and workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods, and responding appropriately to changes in the work setting.  (Tr. 233-234, 276-277). The mental factors of the hypothetical question were essentially consistent with these somewhat differently worded but not necessarily totally disabling restrictions.

Dotson argues that the ALJ erred in failing to find that his mental problems met the requirements of Sections 12.04, 12.06 and 12.08 of the Listing of Impairments.   However, no treating, examining or reviewing mental health

11

07-94  Dotson

professional indicated that the plaintiff's mental problems were of such a level of severity.   Demaree and Perritt each specifically considered the issue of the Listing of Impairments and each indicated that no Listing sections had been satisfied.  (Tr. 238-251, 280-294).   The ALJ gave adequate rationale for finding the plaintiff's subjective complaints not fully supported.  (Tr. 19).  Therefore, the court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed.   Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.   A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of February, 2008.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**

12